Reese, J.
delivered the opinion of the court.
The only question in this case is, whether what was said and done between the complainant and defendant, touching the slave in the pleading mentioned, constitutes the transaction a mortgage *576 of the slave- Defendant had an execution against A. Looney, the father-in-law of the complainant, which he caused to be levied upon the slave: the slave at the time was claimed by the complainant, who consented that the slave might be levied on and sold; and defendant promised that if he became the purchaser, he would take the amount he might bid for the slave at the sale, from the complainant, and let him have the slave. The slave was sold, and the defendant became the purchaser and has since sold the slave to a third person; and the complainant has filed this bill to redeem, treating the transaction as a mortgage. We are of opinion that it is destitute of every attribute of a mortgage. There was no loan of money from complainant to defendant; there was no precedent debt, nor any relation of creditor and debtor between them. Defendant has no covenant upon complainant, nor any means to coerce his payment of the money. The debt of defendant against Looney was satisfied and extinguished to the extent of defendant’s bid. If the slave had died after the sale, it would not have revived the claim against Looney nor given the defendant any remedy for the value against complainant. The loss would have fallen upon defendant. But whether the transaction constituted a valid agreement to permit complainant to purchase the slave from the defendant, it is not material to enquire. There was no offer to purchase, and this bill is not filed upon that footing, but to redeem a mortgage. Let the bill be dismissed with costs.